UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ELIZABETH WOLDER,

      Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

Case No. 3:19-cv-110

District Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE NON-DISABILITY FINDING AT ISSUE BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) TO DETERMINE A DISABILITY ONSET DATE AND FOR AN IMMEDIATE AWARD OF BENEFITS THEREAFTER; AND (3) THIS CASE BE CLOSED**

---

This is a Social Security disability benefits appeal. *Pro se* Plaintiff challenges the Administrative Law Judge's ("ALJ") non-disability finding and conclusion that Plaintiff is not entitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI").[2] The Commissioner did not file a substantive response to *pro se* Plaintiff's Statement of Errors. Instead, the Commissioner moves for a remand for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g), *i.e.*, conceding error at the administrative level. *See* docs. 12, 14. *Pro se* Plaintiff opposes the Commissioner's request for remand arguing that the Court should remand only for the immediate award of benefits. Docs. 13, 15. Accordingly, as the parties agree the ALJ's non-disability finding is unsupported by substantial evidence, the issue presently before the

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.
[2] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

Court is whether this case should be remanded for further proceedings or for the immediate award of benefits. This issue is now ripe for decision by the undersigned.

## I.

### A. Procedural History

Plaintiff filed for DIB and SSI alleging a disability onset date of September 1, 1980. Doc. 7[3] at PageID 1250. Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia,* irritable bowel syndrome ("IBS"), degenerative disc disease, and an anxiety order with panic attacks. PageID 1258.

After an initial denial of her applications, Plaintiff received a hearing before ALJ Gregory G. Kenyon on February 11, 2015. PageID 251-293. ALJ Kenyon issued a written decision on April 24, 2015 finding Plaintiff not disabled. PageID 1449-65. This non-disability opinion by ALJ Kenyon was reversed and her case was remanded, in part, to properly weigh the opinion of Plaintiff's treating physician, Raymund Luna, M.D. *Wolder v. Comm'r of Soc. Sec.,* No. 3:16-CV-00331, 2017 WL 2544087, at *1 (S.D. Ohio June 13, 2017), *report and recommendation adopted,* No. 3:16-CV-331, 2017 WL 2819882 (S.D. Ohio June 28, 2017).

Plaintiff then received a second hearing before ALJ Kenyon on January 3, 2018. PageID 1392-429. ALJ Kenyon issued a written opinion on March 20, 2018 again finding Plaintiff not disabled. PageID 1476-99. This non-disability opinion was similarly remanded by the Appeals Council for a consideration of additional treatment notes and opinions written by Dr. Luna. PageID 1500-03.

For a third time, on September 20, 2018, Plaintiff received a hearing -- this time before ALJ Laura S. Twilley. PageID 1354-91. ALJ Twilley issued a written decision on November 29, 2018 finding Plaintiff not disabled. PageID 1250-83. Specifically, ALJ Twillley found at Step

---

[3] Hereafter, citations to the electronically-filed record will refer only to the PageID number.

Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced of medium[4] work from January 1, 1989 through September 30, 2011 and her RFC to perform a reduced range of light work from November 6, 2012 through the date of the opinion, "there were jobs that exist in significant numbers in the national economy that she could have performed[.]" PageID 1264-83.

Thereafter, the Appeals Council denied Plaintiff's request for review, making ALJ Twilley's non-disability finding the final administrative decision of the Commissioner. PageID 1236-39. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007). This November 29, 2018 non-disability finding by ALJ Twilley (hereinafter, "ALJ") is now before the Court for review.

B.     **Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 1250-83), Plaintiff's Statement of Errors (doc. 9), the Commissioner's motion for remand (doc. 14), and Plaintiff's reply memoranda (docs. 13, 15). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

---

[4] Medium work involves "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 404.1567(c). An individual who can perform medium work is presumed also able to perform light and sedentary work. *Id*. Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b). Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § 404.1567(a).

# II.

## A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

## B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable"

and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

On appeal, the Commissioner concedes that remand is necessary because the ALJ committed reversible error in failing to consider how Plaintiff's "lack of insurance hindered her ability to obtain treatment." Doc. 14 at PageID 2234. While the Commissioner maintains that further proceedings are necessary to determine whether Plaintiff is disabled, *pro se* Plaintiff argues that sufficient fact finding has taken place in the previous three administrative hearings and that evidence of her disability is overwhelming. Doc. 13 at PageID 2221-32. Specifically, she argues

5

that the ALJ continued to err in weighing the opinions of her treating physician, and that his opinions demonstrate that she is disabled. *Id.*

The Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987).

## IV.

### A. Medical Source Opinions

Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id*. Under the regulations then in effect, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2).

A treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must

still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(c).[5]

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9.

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*. Put simply, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)). In the absence of a controlling treating source opinion, an ALJ must "evaluate all medical opinions" with regard to the factors set forth in 20 C.F.R. § 404.1527(c), *i.e.,* length of treatment history; consistency of the opinion with other evidence; supportability; and specialty or expertise in the medical field related to the individual's impairment(s). *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

Here, two of Plaintiff's treating physicians opined that her physical impairments necessitated work-preclusive limitations. First, Dr. Luna, Plaintiff's long-standing family physician, authored multiple narrative descriptions regarding Plaintiff's physical health. Dr. Luna

---

[5] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12-cv-3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 404.1527. *Id*.

7

explained that Plaintiff "has significant symptoms from Irritable Bowel Syndrome. She suffers with alternating cramps, diarrhea, and constipation… During the day she experiences bowel leakage with passing of gas." PageID 1234. As a result, Dr. Luna opined that she would need to "be in the restroom up to 2 hours at a time due to her abnormal bowel movements." PageID 1234. Similarly, John McCarthy, M.D. opined that Plaintiff's "employment can be interrupted by attacks of irritable bowel." PageID 665. Specifically, that she suffered from IBS episodes two to three times a week each lasting anywhere from thirty minutes to three hours and panic attacks zero to three times a week with each episode lasting up to one hour. PageID 664.

The ALJ afforded Dr. Luna's opinions either "little weight" or "no weight." PageID 1272-73. The ALJ discounted the opinions, in part, because Dr. Luna did not provide specific functional limitations and because Dr. Luna "suggested that the claimant should be seen by a specialist but…apparently [he did not] deem[] her condition to be sufficiently severe to warrant such a referral." PageID 1273. In assessing Dr. McCarthy's opinion, the ALJ afforded it "partial weight." PageID 1266. The undersigned finds that the ALJ committed multiple errors in discrediting these treating opinions and, therefore, also finds that the opinions support granting Plaintiff an immediate award of benefits.

First, as conceded by the Commissioner, the ALJ erred in failing to consider how Plaintiff's lack of insurance impacted the treatment she received. While the ALJ hypothesized that Dr. Luna withheld a specialist referral because he doubted the seriousness of her impairments, Dr. Luna repeatedly explained that it was Plaintiff's "lack of insurance [that] precludes a referral." PageID 815; 2146; *see Jewett v. Comm'r of Soc. Sec.,* No. 3:13-cv-341, 2015 WL 4540184, at *6 (S.D. Ohio Feb. 24, 2015) (stating that "an ALJ cannot discount a claimant's credibility based upon a failure to seek or pursue regular medical treatment without first considering any explanations that

8

the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment").

Relatedly, Dr. Luna opined that Plaintiff "would have a difficult time [] working while experiencing these symptoms until she can be evaluated and treated." *Id.* The ALJ is correct that the question of whether Plaintiff is disabled is ultimately a question for the Commissioner. *See* 20 C.F.R. § 404.1527(d)(3). The ALJ nevertheless erred in outright rejecting Dr. Luna's opinion and in failing to consider the more specific portion of the opinion -- that Plaintiff's IBS requires two-hour restroom breaks. *See Caldwell v. Astrue*, No. 4:12 CV 2172, 2013 U.S. Dist. LEXIS 89761, at *47 (N.D. Ohio June 26, 2013) (finding error where "the ALJ summarily discounted [the treating] opinions as a whole in one paragraph for the reason that [the treater] made a disability determination reserved exclusively to the ALJ"); *Saunders v. Comm'r of Soc. Sec.*, No.: 3:14-cv-97, 2015 WL 6858323, at *6 (S.D. Ohio Sept. 8, 2015) (finding error where the ALJ discounted the entirety of the treating opinion after finding one of the limitations was inconsistent with the record); *Ponder v. Comm'r of Soc. Sec.*, No. 3:17-1152, 2018 U.S. Dist. LEXIS 112703, at *14 (M.D. Tenn. July 6, 2018) ("This court held that the RFC assessment and the hypothetical did not adequately reflect the claimant's limitations because it truncated the doctor's specific restrictions") (internal citations omitted).

The ALJ committed similar error in weighing Dr. McCarthy's opinion. Although the ALJ granted his opinion partial weight, the ALJ failed to explain why Dr. McCarthy's conclusion -- that Plaintiff may require up to three-hour restroom breaks three times a week -- was not included in the RFC. PageID 1266. Such an omission constitutes error. *O'Ryan v. Comm'r of Soc. Sec.*, No. 3:14-CV-125, 2015 WL 6889607, at *4 (S.D. Ohio July 30, 2015), *report and recommendation adopted*, No. 3:14-CV-125, 2015 WL 4934190 (S.D. Ohio Aug. 18, 2015); *Howard v. Comm'r of Soc. Sec.*, No. 3:14-CV-364, 2015 WL 8213614, at *4 (S.D. Ohio Dec. 9,

9

2015), *report and recommendation adopted*, No. 3:14-CV-364, 2016 WL 99114 (S.D. Ohio Jan. 7, 2016); *see also* SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996); *Hann v. Colvin*, No. 12-cv-06234-JCS, 2014 WL 1382063, at *22 (N.D. Cal. Mar. 28, 2014); *Stoddard v. Astrue*, No. 3:09-cv-91, 2010 WL 3723924, at *1 (E.D. Tenn. Feb. 19, 2010); *Washington v. Colvin*, No. 13–1147–SAC, 2014 WL 4145547, at *3 (D. Kan. Aug. 19, 2014).

The opinions written by Drs. Luna and McCarthy are also supported by the objective evidence of record. For example, Plaintiff's lipid panel and hemoglobin A1C showed "gastrointestinal problems" and she was diagnosed with hypothyroidism due to her abnormal glucose levels. PageID 2070; 2162*; see Sweazy v. McDonald*, No. 13-2525, 2014 U.S. App. Vet. Claims LEXIS 1974 (Vet. App. Nov. 26, 2014) ("hypothyroidism causes [f]atigability, constipation, and mental sluggishness…[,] [m]uscular weakness, mental disturbance, and weight gain…[,] [c]old intolerance, muscular weakness, cardiovascular involvement, mental disturbance (dementia, slowing of thought, depression), bradycardia (less than 60 beats per minute), and sleepiness"). Dr. Luna's clinical findings included "bloating." PageID 775. Moreover, treatment notes from 2016 document that she had "gradual worsening of her bowel pattern along with progressive abdominal cramping and pain." PageID 1783. The ALJ also noted that "medical treatment records supplied by Dr. Luna confirm ongoing periodic treatment for symptoms of IBS… which were reported to wax and wane." PageID 1271 (internal citations omitted). Thus, the treating opinions of Drs. Luna and McCarthy -- that Plaintiff's impairments necessitate additional break time -- is consistent with other substantial evidence in the record and is entitled to controlling or deferential weight.

During Plaintiff's most recent hearing, the Vocation Expert ("VE") testified that if Plaintiff required two extra bathroom breaks lasting just five minutes, she would "run into some problems." PageID 1424. More specifically, the VE stated that "[i]f the individual were off task 15 percent

of the time for the need for extra [] bathroom breaks" there would be no competitive employment that could be performed. *Id*. Thus, the undersigned finds sufficient evidence in the record to find Plaintiff disabled and entitled to an immediate award of benefits.

Finally, the undersigned is disinclined to remand for yet another hearing in light of the three administrative hearings Plaintiff has already received -- indicating that sufficient fact-finding has taken place -- and because it would further and unnecessarily delay this case, filed over seven years ago. *Cohen v. Sec'y of Health & Human Servs.*, 964 F.2d 524, 531 (6th Cir. 1992) (internal citations omitted) ("In such a case as this, it is well to bear in mind that the Social Security Act is a remedial statute that must be liberally applied); *Ellis v. Comm'r of Soc. Sec.*, No. 3:15-CV-137, 2016 WL 463359, at *2 (S.D. Ohio Feb. 8, 2016), *report and recommendation adopted,* No. 3:15-CV-137, 2016 WL 828144 (S.D. Ohio Feb. 26, 2016); *Wise v. Comm'r of Soc. Sec.*, 2017 U.S. Dist. LEXIS 13818 ("Consequently, even if the question of whether Plaintiff is clearly entitled to benefits is seen as a close one, the delay factor weighs strongly against a remand"). Accordingly, because the evidence demonstrates Plaintiff's disability, this case must be remanded for an immediate award of benefits. *Accord Moody v. Comm'r of Soc. Sec.*, No. 14–CV–224, 2016 WL 1729579, at *5 (S.D. Ohio Feb. 5, 2016); *Washington v. Comm'r of Soc. Sec.*, No. 3:15–CV–367, 2016 WL 6694199, at *5 (S.D. Ohio Nov. 15, 2016), *report and recommendation adopted sub nom. Washington v. Colvin*, No. 3:15–CV–367, 2016 WL 7494887 (S.D. Ohio Dec. 30, 2016). Specifically, the undersigned remands for the specific purposes of determining Plaintiff's disability onset date and for an immediate award of benefits thereafter.

## V.

**IT IS THEREFORE RECOMMENDED THAT:** (1) the Commissioner's non-disability finding be found unsupported by substantial evidence, and **REVERSED**; (2) this matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) to determine

Plaintiff's disability onset date and for an immediate award of benefits thereafter; and (3) this case be **CLOSED**.


Date:   October 30, 2019                         s/ Michael J. Newman
                                                 Michael J. Newman
                                                 United States Magistrate Judge

# **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).